```
                  IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF DELAWARE


UNITED STATES OF AMERICA,        :
                                 :
          Plaintiff,             :
                                 :
     v.                          :   Criminal Action No. 04-98-JJF
                                 :
RUSSELL DEAN BERSCHT,            :
                                 :
          Defendant.             :
```

## MEMORANDUM OPINION AND ORDER

Upon review of the Revised Presentence Investigative Report (the "PSI"), the Defendant asserted several objections and filed a Sentencing Memorandum requesting the Court to consider these objections and certain other matters at his sentencing.  The Government responded to the Defendant's objections and filed a Sentencing Memorandum.

The Court was requested to set aside three (3) hours for the parties' presentations during the Rule 11 Sentencing Hearing. The Court determined that due to the detail and length of the contemplated presentations, the Sentencing Hearing should be bifurcated allowing for the presentation of evidence and argument first, followed by the imposition of sentence at a later date. This procedure was employed to allow the Court to give full consideration to the parties' presentations and arguments during the course of a three (3) hour hearing.

The Court held the evidentiary and argument portion of the Sentencing Hearing on March 10, 2008, which commenced at 11:34

a.m. and concluded at 2:07 p.m.  This Memorandum Opinion and Order will resolve the Defendant's objections and address other issues presented by the parties.[1]

## I.   DISCUSSION

### A.   Amount of Loss/Relevant Conduct (Consideration of Three (3) Checks)

The Court finds that the loss amount of $2,295,191.85 documented in the PSI is supported by sufficient evidence to establish that it is accurate.  This amount reflects a loss amount that includes the value of the Enron, Compaq, EPGT Texas Pipeline, Gustafson LLC and Baker & Associates checks, which includes the two checks alleged in the Indictment and the three Texas checks.  The Court finds the PSI loss amount is further corroborated by the Department of Labor Investigative Report. (Exh. S-4).

### B.   Minor Participation

The Court finds that the Defendant participated in a scheme to defraud and without the Defendant's participation, the scheme would not have been executed.  Although others may have done more to execute the scheme, such as stealing and altering the checks, the Defendant's conduct of transacting the checks was absolutely necessary to the success of the scheme.  For this reason, the

---

[1]     In sentencing the Defendant, the parties have agreed that the Court should apply the 2000 edition of the Guidelines Manual.

Court declines to exercise its discretion to reduce the sentence
on this ground.²

    C.   Obstruction of Justice Enhancement

In essence, the single disputed issue in this case was the
Defendant's intent with regard to his actions. At trial, the
Defendant denied any criminal intent both in his direct testimony
and through argument that the reasonable inferences from other
evidence demonstrated a lack of criminal intent. The jury
rejected the Defendant's denials and drew reasonable inferences
from the evidence in favor of the Government's argument that the
Defendant acted with the requisite criminal intent. However, the
Court finds that the Government has not carried its burden of
establishing that the Defendant's testimony and argument on
appropriate inferences to be drawn from the evidence supports a
finding of obstruction of justice. On the other hand, the Court
finds that the Defendant has not carried his burden on the
acceptance of responsibility issue. The fact that the Defendant
admitted certain conduct concerning the relevant transactions is

---

    ²   The Court has also considered the Defendant's objection
to the enhancement for more than minimal planning under U.S.S.G.
§ 2F1.1(b)(2). The Court finds this two-level enhancement is
warranted because the evidence establishes that multiple checks
were stolen and altered in a scheme involving at least several
known and unknown participants. Further, the Court concludes
that the two-level enhancement under U.S.S.G. § 2F1.1(b)(6) is
also warranted because a substantial part of the fraudulent
scheme was committed outside the United States and involved
sophisticated means.

insufficient to establish that he has accepted responsibility for the offenses for which he has been convicted when considered in light of his adamant denials of any criminal intent.

D.    Factors Warranting A Downward Variance

The Court has considered the various claims made by the Defendant in support of his request for downward variance relief under the Guidelines.  The Court finds none of the argued grounds for variance are persuasive, and therefore, the Court declines to exercise its discretion in calculating and/or applying the argued variances in the Guidelines to the Defendant's sentence.  In this regard, the Court finds the Defendant's assertions to be no different than the type of consequences any criminal defendant would experience.

E.    Impact Of The PSI

In addition to the findings and rationales provided in this Memorandum Opinion and Order, the Court notes that it has reviewed and accepted the position and responses of the United States Probation Office on all issues, except the issue of obstruction of justice.

**II.  Conclusion**

Based on the Court's findings and conclusions on the Defendant's objections to the PSI and his applications for sentencing variances, the Court concludes that the Guideline Range Calculations are now:

4

TOTAL OFFENSE LEVEL:   22   (includes a base offense level of 6, a 12-level enhancement for the amount of loss, a 2-level enhancement under U.S.S.G. 2F1.1(b)(2) and a 2-level enhancement under U.S.S.G. 2F1.1(b)(6))

CRIMINAL HISTORY CATEGORY: I

|  | Statutory Provisions | Guideline Provisions |
|---|---|---|
| **CUSTODY:** | Count One, 5 years. Counts Two & Three, 30 years, each. | 41 to 51 months. |
| **PROBATION:** | Counts One, Two and Three, none. | None. |
| **SUPERVISED RELEASE:** | Count One, 3 years. Counts Two and Three 5 years. | 2 to 3 years & 3 to 5 years. |
| **FINE:** | Count One, $250,000. Counts Two and Three, 500,000, each. | $7,500 to 1,000,000 |
| **RESTITUTION:** | Count One, $214,900. | $214,900 |
| **SPECIAL ASSESSMENT:** | Counts One, Two and Three, $100, each. | $300 |

In accordance with all of the above, the Court will sentence the Defendant on May 21, 2008 at 10:00 a.m. without further proceedings.

So Ordered.

May 15, 2008

UNITED STATES DISTRICT JUDGE

5